INGRAHAM, P. J., and McLAUGHLIN and SCOTT, JJ., concur.

LAUGHLIN, J. I concur with Mr. Justice MILLER, except as to modification, which, not being involved in the appeal, I think is not authorized and should be left to an application at Special Term. See Waldo v. Schmidt, 200 N. Y. 199, 93 N. E. 477.

---

### In re MERRIHEW.

(Supreme Court, Appellate Division, Third Department. March 8, 1911.)

INTOXICATING LIQUORS (§ 147*)—SALES—LIQUOR TAX LAW.

Liquor Tax Law (Consol. Laws. c. 34) § 30, subd. "k" while prohibiting the soliciting, accepting, or procuring, in a town in which a liquor tax certificate is prohibited, of an order to deliver intoxicating liquors, does not prohibit the selling of liquor to a person residing in such a town, if the transaction is had outside the town.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 147.*]

Appeal from Ulster County Court.

In the matter of the petition of Emory Merrihew for an order enjoining Joseph J. Cuneo from trafficking in liquor contrary to the provisions of the liquor tax law. From an order enjoining said Cuneo from trafficking in liquors in the town of Olive, Ulster county, N. Y., he appeals. Modified, and, as modified, affirmed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Jenkins & Shufeldt, for appellant.
Floyd W. Powell, for respondent.

PER CURIAM. We think the county judge obtained jurisdiction to make the order, and that he properly overruled the appellant's preliminary objections. We are also of opinion that the affidavits show that the appellant was in effect peddling lager beer and whisky in the town of Olive, which had voted no license, and that upon the merits the order should be sustained.

The injunction order is too broad, however, and might be construed to prohibit the appellant from selling to any person who resided in the town of Olive any intoxicating liquors at his place of business in the city of Kingston and delivering the same to such person. What subdivision "k," § 30, of the liquor tax law (Consol. Laws, c. 34) prohibits is the soliciting, accepting, or procuring, in a town in which a liquor tax certificate is prohibited, an order to deliver intoxicating liquors. It does not prohibit the selling of liquor to a person who chances to reside in such a town, if the transaction is had outside the town.

The injunction order should be modified, by inserting after the words "soliciting, procuring, or accepting" the words "in the town of Olive, Ulster county, N. Y.," and, as so modified, affirmed, without costs.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes